UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STATE OF CONNECTICUT         :     3:19 mj 1048(WIG)
                             :     ss. Bridgeport, CT
                             :
COUNTY OF FAIRFIELD          :     January 17, 2013

**AFFIDAVIT IN SUPPORT OF APPLICATIONS
FOR SEARCH WARRANT**

I, Joseph Bunaskavich, being duly sworn, depose and state as follows:

### I.  INTRODUCTION

1. I am a United States Postal Inspector and have been so employed since July 2007. I am currently assigned to the Fraud and Prohibited Mail Team. During the course of my career, I have participated in numerous criminal investigations, including investigations into suspected narcotics trafficking, including investigations in which controlled substances are transported in the United States Mail. Based on my training and experience I know that individuals shipping controlled substances via the United States Mail often utilize Express Mail and Priority Mail. Such persons also use fictitious names and/or return addresses in an effort to avoid detection by law enforcement.

2. I am a law enforcement officer of the United States within the meaning of Title 18 U.S.C. § 3061, and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 U.S.C. § 841(a)(1), and other federal offenses.

3. The information contained in this affidavit is based on my personal participation in the investigation, as well as information provided by other law

1



enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a search warrant, I have not included each and every fact known to me regarding this investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause.

**II.     DESCRIPTION OF THE SUBJECT PARCELS**

4.     Based on the information contained in this affidavit, there is probable cause to believe, and I do believe, that contained within the below described package there may presently be found contraband and/or evidence of the commission of the offense of Possession with Intent to Distribute and Distribution of Narcotics, in violation of Title 21, United States Code, Section 841(a)(1)

a)     Subject Parcel One: U.S. Mail, Express Mail parcel EI 808691842 US addressed to "Zack Barboza" at 1809 Nichols Ave., Stratford, CT 06614, and bearing a return address of "Luke Thomson" at 311 South E St., Santa Rosa, CA 95401. The parcel measures approximately 14" x 20" x 10", weighs 12 pounds, and bears $84.20 in postage;

**III.    INVESTIGATION**

**A.     Subject Parcel One**

5.     On or about January 16, 2013, U.S. Mail, Express Mail parcel EI 808691842 US was identified as a parcel possibly containing a controlled substance (**Subject Parcel One**). **Subject Parcel One** is addressed to "Zack Barboza" at 1809 Nichols Ave., Stratford, CT 06614, and bearing a return address of "Luke Thomson" at 311 South E St., Santa Rosa, CA 95401.

6.     A review of database records indicates that 1809 Nichols Ave., Stratford, CT 06614, is an actual address, but that Zack Barboza does not live or receive mail there.

2



Similarly, while the return address of 311 South E St., Santa Rosa CA 95401 is an actual address, and no one named Luke Thomson either resides at or receives mail at that address.

7. On January 16, 2013, **Subject Parcel One** was examined by a trained narcotics detection dog. **Subject Parcel One** was individually placed among five other similarly sized parcels prior to the handler and canine arriving. Upon examination of the parcels, the canine alerted to **Subject Parcel One**. The handler was not informed that this was the suspect parcel and left the area with the canine. The parcels, including **Subject Parcel One**, were rearranged in different positions on the floor, and the handler and canine were again called into the room. The canine again alerted to **Subject Parcel One**.

8. The trained narcotics detention dog involved in the examinations of the Subject Parcel is a two and one half year-old male, black Labrador named Sterling. Sterling is assigned to Trooper Matthew Funchion of the Connecticut State Police. Sterling was first certified in the Spring, of 2012 and is certified in the detection of cocaine, crack cocaine, heroin, hashish, marijuana, MDMA, methamphetamine, and steroids. Sterling has had quarterly in-service training sessions since his graduation in 2012.

## IV. CONCLUSION

15. Based on the above, there is probable cause to believe, and I do believe, that located within Subject Parcel One there is contraband, fruits and instrumentalities that constitute evidence of violations of Title 21, United States Code, Section 841(a)(1). The Subject Parcel is presently in the custody of the U.S. Postal Inspection Service located at 4 South Main St, Wallingford, CT, 06492. Therefore, I respectfully request that



a search warrant be issued to search Subject Parcel One for evidence of illegal narcotics trafficking, and for any and all documentation or other materials containing evidence of the participants in, and methods and plans of conducting, the suspected narcotics trafficking.

_____
JOSEPH BUNASKAVICH
UNITED STATES POSTAL INSPECTOR

Subscribed and sworn to before me this 17th day of January 2013.

_____/s/_____
HONORABLE WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A - DESCRIPTION OF THE SUBJECT PARCEL

1. <u>Subject Parcel One</u>: U.S. Mail, Express Mail parcel EI 808691842 US addressed to "Zack Barboza" at 1809 Nichols Ave., Stratford, CT 06614, and bearing a return address of "Luke Thomson" at 311 South E St., Santa Rosa, CA 95401. The parcel measures approximately 14" x 20" x 10", weighs 12 pounds, and bears $84.20 in postage.

**ATTACHMENT B - Items to be Seized**

1. Controlled substances, held in violation of 21 U.S.C. § 841(a)(1);

2. Residue of controlled substances;

3. Paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, for example: scales, funnels, sifters, grinders, glass panes, mirrors, razor blades, plastic bags, heat sealing devices, and dilutant such as mannitol, mannite, vitamin B-12, inositol, etc.;

4. Books, records, receipts, notes, ledgers, and other papers relating to the distribution of controlled substances, including computerized data, computer discs, computers, laptop computer and computer related equipment and information;

5. Personal books, papers and photographs reflecting identities, names, addresses, telephone numbers, and other contact or identification data relating to the distribution of controlled substances;

6. Cash, currency, and records relating to income and expenditures of money and wealth, to wit: money orders, wire transfers, cashier's checks, receipts, bank statements, passbooks, checkbooks, checkbook registers, safety deposit box rental agreements and safety deposit box keys, as well as precious metals and gems such as gold, silver, diamonds;

7. Items of personal property that tend to identify the person(s) in residence, occupancy, control, or ownership of the premises or vehicle that is the subject of this warrant, including but not limited to canceled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents, and keys;

8. Documents indicating travel in interstate and foreign commerce, to include airline tickets, notes and travel itineraries, airline schedules, bills, charge card receipts, hotel, motel, and car rental statements, correspondence with travel agencies and other travel related businesses, airline rent-a-car, and hotel frequent flier or user cards and statements, passports and visas, immigration/naturalization papers, telephone bills, photographs of foreign locations, and papers relating to domestic and international travel;

9. All personal computers or other electronic devices capable of creating, storing information including any electronic storage media, hard drives, thumb drives, networking equipment, or other peripheral hardware that is compatible with such computers or devices; and any password or security device that can be used to control or obtain access to any item described in this paragraph.

10. Cellular telephones, electronic paging devices, speed dial telephones, electronic speed dialing devices, electronic personal organizers, telephone answering machines, and telephone answering machine tapes; and

11. With regard to any seized cellular telephones, the following stored information:

   a. the telephone number, ESN number, serial number, and SIM card number of said phone(s);

   b. the numbers, digits, stored messages (voice and/or text), letters, symbols, data, information, and images stored in the memory of said phone(s);

   c. descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to, illegal drug related crimes;

   d. any and all records, however created or stored, which tend to demonstrate ownership and use of the phone(s), and identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal papers, and photographs of persons contained in the phone(s); and

   e. any and all evidence showing or tending to show the identity of the maker or user of the data and information contained in the phone(s), such as passwords, sign-on codes, and program design.

12. Firearms, ammunition, holsters, and weapons and destructive devices.